

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT F. HALLMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:18-CV-720-A |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Robert F. Hallman, a state prisoner confined in the Tarrant County jail, against Bill Waybourn, Sheriff of Tarrant County, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as moot. No service has issued upon respondent.

**I. Factual and Procedural History**

At the time this petition was filed, petitioner was awaiting trial on pending criminal charges in Tarrant County, Texas, Case Nos. 1451589, 1489585, 1548957, and 1548964. (Pet. 3, doc. 1.) Electronic communication with the Tarrant County District Clerk's Office confirms that petitioner was acquitted on Count One but convicted on Counts Two through Seven and sentenced to concurrent life sentences on September 20, 2018, in Case No. 1548964. The communication further confirms that petitioner's remaining cases

were dismissed on September 21, 2018, and that he has no cases currently pending in Tarrant County.

By this habeas petition, petitioner complains of pretrial prosecutorial misconduct; recently obtained exculpatory evidence pointing out "inconsistencies, untruthfulness, unreliability and impeachment material of state[']s witness"; deprivation of the assistance of counsel in pretrial proceedings; and excessive pretrial bond. (Pet. 5-6, doc. 1.)

## II. Discussion

Title 28 U.S.C. § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 under certain circumstances. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, petitioner is no longer a pretrial detainee having been found guilty and convicted in case no. 1548964R of two counts of aggravated sexual assault of a child under 14 years of age, one count of sexual assault of a child

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

under 17 years of age, and three counts of indecency with a child by contact and the dismissal of his remaining cases. The issues presented challenging the lawfulness of his pretrial detention have therefore been rendered moot. *See Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). *See also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that federal pretrial detainee's habeas corpus application was rendered moot by his conviction).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, dismissed as moot and that any pending motions be denied. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, the court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED October 4, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE